UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

Plaintiff,

v.

KEVIN SAWYER HORTIZUELA,

Defendant.

Case No. 3:14-cr-00044-LRH-WGC-8

ORDER

Before the court is defendant's Motion to Correct Sentence (ECF No. 478). The government has filed its non-opposition to the motion (ECF No. 478).

The defense motion seeks a recommendation from the court to the Bureau of Prisons that the defendant be considered for participation into a residential drug and alcohol program ("RDAP") and relies upon Federal Rule of Criminal Procedure 36 concerning clerical error. In that rule, the court may correct a clerical error in a judgment arising from oversight or omission. The defense asserts that counsel did not request the RDAP recommendation at the sentencing hearing on November 6, 2017, and "for that reason, the absence of that recommendation arose from oversight or omission." Page 3, lns 6-8.

Although the court appreciates the defense attempt on behalf of defendant Hortizuela, the court is of the view that Rule 36 concerns clerical error which arises from

///

oversight or omission by court personnel as opposed to tactical error or oversight by counsel.

Notwithstanding a lack of authority to seek the requested correction to the defendant's sentence, the simple fact is that there was no suggestion by anyone at the defendant's sentencing hearing that the defendant suffered from a substance abuse problem or that a recommendation for RDAP placement should have been considered by the court. To the contrary, the factual findings which were made by the court at the sentencing hearing were adopted and incorporated from the Presentence Report, which read as follows:

<u>Substance Abuse</u>

53. Hortizuela does not have any known history of illegal drug use. He occasionally consumes alcohol consisting mostly of wine. He stated that he tried marijuana on one occasion when he was 20 years of age and has not used marijuana since that time. The defendant's father and fiancé verified the defendant's abstinence from drugs and alcohol with his father stating, "my son never smokes, drinks, or does any drugs," and his fiancé stating, "not at all."

With the concurrence of the defense and the government, the court found in accordance with the factual findings as set forth within the Presentence Report. And the theme of the defense argument at sentencing was completely consistent with Paragraph 53. In the defense sentencing memorandum (ECF No. 431), the defense focused upon the positive character of the defendant and that was the repeated theme expressed through twelve positive character letters from family members, co-workers, friends and from pastors from the defendant's church, in which Mr. Hortizuela was volunteering in the children's ministry. The court treated Mr. Hortizuela very favorably in the sentencing hearing and his ultimate sentencing of 41 months was reflective of the court's favorable consideration.

The defense motion also fails to show that this defendant in fact suffers from a substance abuse problem such as is normally considered by a sentencing court in qualifying cases.

///

2

In conclusion, although the court appreciates the defense motion, the fact is that legal authority has not been shown to support it, factual authority has not been shown to warrant it, and the court is of the view that the substance abuse treatment programs which may be afforded by the Bureau of Prisons should be, and are, intended for prisoners who have "a substance abuse problem and can be benefited by appropriate substance abuse treatment." That was not present here, and there was no error in defendant's sentencing.

Good cause appearing, defendant's Motion to Correct Judgment (ECF No. 478) is DENIED.

IT IS SO ORDERED.

DATED this 28th day of June, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE